UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

GARY WAYNE CARTER,           )
                             )
        Plaintiff,            )      No. 2:13-cv-00041
                             )      Judge Sharp
v.                           )
                             )
DEBBIE DECK and              )
SHANNON HARVEY,              )
                             )
        Defendants.           )

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Overton County Jail in Livingston, Tennessee. He brings this action under 42 U.S.C. § 1983 against Debbie Deck, a nurse practitioner, and Shannon Harvey, an Overton County Jail administrator, claiming that they failed to provide appropriate medical treatment for the plaintiff's pain and failed to respond to the plaintiff's grievances. (Docket No. 1). The plaintiff seeks compensatory, nominal, and punitive damages. (*Id.* at p. 5).

**I.      Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## II.   Section 1983 Standard

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.  Analysis of Section 1983 Claims

The plaintiff alleges that, while incarcerated at the Overton County Jail, he sustained injuries to his hand, neck, and back in September 2012 after an officer used excessive force against him. The plaintiff sought medical attention for his injuries and pain by signing up for sick call. On the following day, the plaintiff was examined by defendant Debbie Deck, the facility's nurse practitioner, who told the plaintiff that there was nothing she could do to help the plaintiff. The plaintiff believes that he should have been seen by a doctor. The plaintiff signed up for sick call again on April 23, 2013, and was examined the following day by Ashley Deck,[1] who gave the plaintiff four ibuprofen pills for his pain. The plaintiff alleges that his pain is increasing.

The plaintiff also alleges that he "felt extremely threatened" by officer Ethan Bean on March 20, 2013. The plaintiff has named officer Bean as a defendant in another lawsuit pending before this court. *See Carter v. Melton*, No. 2:13-cv-0019 (M.D. Tenn. 2013)(Sharp, J.). The plaintiff further

---

[1] The complaint does not state whether Ashley Deck is a nurse, nurse practitioner, or doctor.

alleges that the defendants have failed to respond to his grievances. (Docket No. 1 at pp. 4-7).

To establish a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to her serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his

3

health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Here, the plaintiff admits that he was examined by a nurse on the day following his injuries and was examined for a second time within twenty-four hours of submitting another sick call request. The plaintiff received over-the-counter medication for his pain. Thus, the plaintiff received some medical treatment from the defendants. Although the plaintiff disagrees with the manner in which he has been treated, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim. Furthermore, even if the plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 105-06. Simply put, an inmate is not entitled to the "best" medical treatment available. *Bemer v. Correctional Med. Services*, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012)(citing the 5th Circuit). The plaintiff in this case has received some medical attention; therefore, he has not established that the defendants acted with deliberate indifference to his medical needs.

As to the plaintiff's claim that he felt threatened by officer Bean, the plaintiff has not named officer Bean as a defendant in this action. Even if the complaint named officer Bean as a defendant, it is well settled that mere words, no matter how offensive, threatening or insulting, do not rise to the level of a constitutional violation. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)(*per curiam*); *McFadden v. Lucas,* 713 F.2d 143, 147 (5th Cir. 1983).

Finally, as to the plaintiff's claim that the defendants failed to respond to his grievances, although the plaintiff may feel that his grievances were not taken seriously or handled exactly as he would desired, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance

4

procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's assertions do not state a claim upon which relief can be granted.

**IV.    Conclusion**

For the reasons explained above, the court finds that the plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983. *See* 28 U.S.C. § 1915A(b). As such, his complaint will be dismissed.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge